Michael J. Niborski (SBN 192111)
mniborski@pryorcashman.com
Darius K.C. Zolnor (SBN 248686)
dzolnor@pryorcashman.com
**PRYOR CASHMAN LLP**
1801 Century Park East, 24th Floor
Los Angeles, California 90067-2302
Tel: (310) 556-9608
Fax: (310) 556-9670

Michael G. Goldberg (*Pro Hac Vice* Admission Pending)
mgoldberg@pryorcashman.com
**PRYOR CASHMAN LLP**
7 Times Square
New York, New York 10036-6569
Tel: (212) 421-4100
Fax: (212) 326-0806

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZELOUF INTERNATIONAL CORP., a New York Corporation, *et al.*<br><br>Defendants. | Case No. CV 11-05411 RGK (Ex)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~]<br>**PROTECTIVE ORDER**<br><br>Pretrial Conference: July 23, 2012<br>Trial Date: August 7, 2012 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

BASED UPON THE STIPULATION OF THE PARTIES, AND GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. **Overview:** Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action (hereinafter "Discovery Material") that is designated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. **Material Designated As "Confidential":** The person or party disclosing or producing any given Discovery Material may designate as "Confidential" such portion of such material as the person or party in good faith believes includes information that is not available to the public and is confidential, proprietary, commercially sensitive, or constitutes a trade secret. The parties, or some of them, request protection of such information on the grounds that if disclosed it could be harmful to the parties, or any of them, and that said information, if disclosed, could be helpful to the competitors of the parties, or any of them, and that said information therefore requires special protection from disclosure pursuant to F.R.C.P. 26(c).

3. **Disclosure Of "Confidential" Materials:** No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

1

  (a) the parties to this action and Protective Order, including their employees and former employees;

  (b) in-house (or corporate) legal counsel, and outside attorneys retained specifically for this action, and fellow employees of each such attorneys' law firms to whom it is reasonably necessary to disclose such Confidential Discovery Material;

  (c) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any employee, or former employee, of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees of Company B under the terms of this Protective Order).

  (e) any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

  (f) stenographers engaged to transcribe depositions conducted in this action and their support personnel; and

  (g) the Court and its support personnel;

  (h) any mediator or settlement officer, whom the parties have elected or consented to participate in the case.

  (i) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  4. **Material Designated As "Highly Confidential/Attorneys' Eyes Only"**: The person or party disclosing or producing any given Discovery Material may designate as "Highly Confidential/Attorneys' Eyes Only" such portion of such material as the person or party in good faith believes contains especially sensitive business, financial, or technical information. Such information may include sales

1  figures, customers lists, profit and loss calculations, sales projections, production
2  costs, marketing costs, overhead costs, business and marketing plans, research and
3  development information, and confidential nonpublic contracts. The parties, or some
4  of them, request protection of such information on the grounds that said information
5  is not ordinarily available to the public, that said information, if disclosed, could be
6  especially harmful to the parties, or any of them, and that said information, if
7  disclosed, could be helpful to the competitors of the parties, or any of them, and that
8  said information therefore requires special protection from disclosure pursuant to
9  F.R.C.P. 26(c).

10      5.   **Disclosure Of "Highly Confidential/Attorneys' Eyes Only" Material:**
11 No person or party subject to this Order other than the producing person or party shall
12 disclose any of the Discovery Material designated by the producing person or party as
13 "Highly Confidential/Attorneys' Eyes Only" to any other person whomsoever, except
14 to:
15      a)   outside attorneys retained specifically for this action, and fellow
16 employees of each such attorneys' law firms to whom it is reasonably necessary to
17 disclose such Confidential Discovery Material;
18      b)   outside experts and outside consultants (including their employees
19 or clerical assistants) who are employed, retained or otherwise consulted by a party or
20 its attorneys for the purpose of analyzing data, conducting studies or providing
21 opinions to assist, in any way, in this litigation and to whom it is reasonably necessary
22 to disclose such Confidential Discovery Material, provided such person has first
23 executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;
24      c)   the party producing said documents and persons affiliated with the
25 party producing said documents, including the producing party's employees and
26 former employees (provided such former employee has first executed a Non-
27 Disclosure Agreement in the form annexed as Exhibit A hereto), during the time they
28 are testifying in deposition or at trial, or in connection with written discovery requests;

    d) Any employee of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

    e) stenographers engaged to transcribe depositions conducted in this action;

    f) the Court and its support personnel

    g) any mediator or settlement officer, whom the parties have elected or consented to participate in the case, and/or

    h) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  6. **Deposition Transcripts:** With respect to the Confidential portion(s) of any Discovery material other than deposition transcripts and exhibits, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Highly Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with its legibility or audibility. With respect to deposition transcripts and exhibits, a producing person or party or that person or party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

  7. **Documents Under Seal:** The designation of documents or information as "Confidential" or "Highly Confidential/Attorneys' Eyes Only" creates no entitlement to file such documents or information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal.

8. **Separate Non-Disclosure Agreements:** Prior to any disclosure of any Confidential Discovery Material to any person referred to in paragraph 3a, 3b, 3e, 5a, 5b, and/or 5c above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form reflected in Exhibit A hereto. Said counsel shall retain each signed Non-Disclosure Agreement, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial).

9. **Failure To Designate:** If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation, or without adequate limitation, should be designated as "Confidential" and/or "Highly Confidential /Attorneys' Eyes Only", that person or party may so designate by so apprising all parties in writing, and providing said parties with appropriately marked copies of said Discovery Material, where possible, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" under the terms of this Order.

10. **Designations In Good Faith:** "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

11. **Objections To Designations:** Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a

1  written notice stating with particularity the grounds of the objection or request. If
2  agreement cannot be reached promptly, counsel for the objecting party may seek
3  appropriate relief from the Court in accordance with Civil Local Rule 37 and the party
4  asserting confidentiality shall have the burden of proving same. If a party disagrees
5  with or challenges the grounds or basis for the designation of any document or
6  information as Confidential Material, that party nevertheless shall treat and protect
7  such material as Confidential Material in accordance with this Protective Order unless
8  and until all involved parties shall have agreed in writing, or an order of the Court shall
9  have been entered, that provides that such challenged Confidential Material may be
10 used or disclosed in a manner different from that specified for Confidential Material in
11 this Protective Order.

12    12.  **Use At Trial:** Documents designated "Confidential" and/or "Highly
13 Confidential/Attorneys' Eyes Only" may be used by any party without limitation at
14 trial. However, any party who wishes to have such documents treated as
15 "Confidential" and/or "Highly Confidential/Attorneys' Eyes Only" may renew their
16 request for confidentiality before the trial judge at the status conference, through a
17 motion *in limine* and/or as may be otherwise permitted by the court.

18    13.  **Continuing Jurisdiction:** This Court shall retain jurisdiction over all
19 persons subject to this Order to the extent necessary to enforce any obligations arising
20 hereunder or to impose sanctions for any contempt thereof.

21    14.  **Obligations Upon Termination Of Litigation:** This Protective Order
22 shall survive the termination of the litigation. Within 30 days of the final disposition
23 of this action, including all appeals, all Discovery Materials designated as
24 "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only" and all copies
25 thereof, that have not been annotated, illuminated or otherwise "marked-up" shall be
26 promptly returned to the producing person or party (at the producing person's
27 expense), if requested in writing by the producing party or shall be destroyed. All
28 documents marked "Confidential," and/or "Highly Confidential/Attorneys' Eyes Only"

that have been annotated, illuminated or otherwise "marked-up" shall not be returned, but shall be destroyed.

15.     **Further Modifications:** Any party to this action, and any third party producer may, at any time, request the modification of this Protective Order, upon a noticed motion, unless emergency relief is appropriate, and upon a showing of good cause.

**IT IS SO ORDERED.**

Date: 3/6/12

_____
United States Magistrate Judge

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I understand that access to information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY is provided to me under the terms and restrictions of a Protective Order. I have received a copy of the Protective Order, have read it, and agree to be bound by its terms. I will not mention, disclose, or use information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY that is provided to me in connection with this action except as permitted by the Protective Order.

Dated: _____

Signature: _____

Print Name: _____

Title: _____

Company: _____